METRO CONTRACTING, INC. v. OSCAR H. KULSETH COMPANY.

202 N. W. 2d 219.

October 27, 1972—No. 43436.

*Berndt & Overson* and *Lyle B. Overson,* for appellant.

*Perbix, Harvey & Simons* and *Howard E. Harvey,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and MacLaughlin, JJ.

PER CURIAM.

Metro Contracting, Inc., a subcontractor, has brought this action against the Oscar H. Kulseth Company, the contractor, on their subcontracting agreement. The jury returned a verdict for plaintiff of $15,000. The trial court denied defendant's motion for judgment notwithstanding the verdict or a new trial provided that plaintiff consent to remittitur of its recovery to $5,350. Plaintiff filed its consent, and defendant appealed from the denial of its motion. We affirm.

Defendant contends that the verdict is contrary to the evidence and law and caused by passion and prejudice. Defendant also argues that the jury failed to devote sufficient time to consider the issues of the case and to weigh and deliberate on the evidence. After a review of the record, we are persuaded that the evidence supports a finding that defendant breached the contract and that plaintiff is entitled to damages for partial performance of his contract. Dunkley Surfacing Co. v. George Madsen Const. Co. 285 Minn. 415, 173 N. W. 2d 420 (1970). The jury considered the issues and evidence long enough to come to a rational conclusion, and it was not influenced by passion and prejudice. While the jury's determination of damages was excessive, the error was effectively cured by the trial court's remittitur.

Plaintiff has filed a notice of review contending that the trial court erred by ordering a remittitur. Since plaintiff agreed in writing to accept the remittitur, it cannot argue on appeal that the remittitur was wrong.

Costs are awarded to neither party.

Affirmed.